Nos. 109,388
109,389
109,390

BILLY J. STANLEY, *Appellant*, v. SHAWN SULLIVAN, SECRETARY OF THE KANSAS DEPARTMENT FOR AGING AND DISABILITY SERVICES, *Appellee*.

(336 P.3d 370)

Opinion filed October 31, 2014.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, argued the cause and was on the briefs for appellant.

*Corrine E. Johnson*, litigation counsel, of Kansas Department for Aging and Disability Services, argued the cause, and *Kimberly M.J. Lynch*, special assistant attorney general, was with her on the briefs for appellee.

The opinion of the court was delivered by

ROSEN, J.: Billy J. Stanley is a persistent sex offender who is involuntarily committed to Larned State Security Hospital. He

seeks review of a published Court of Appeals opinion affirming a district court order dismissing his three petitions for writs of habeas corpus. The courts below agreed that Stanley's failure to exhaust administrative remedies precluded habeas corpus relief.

In August 2012, Stanley filed a petition seeking habeas corpus relief in district court case number 12CV71. He alleged that five documents, which are not included in the pleadings, were posted on resident computers in violation of his constitutional right to remain free from unlawful restraint, an asserted liberty interest.

He also filed a petition in district court case number 12CV74, seeking relief through habeas corpus from an asserted condition of confinement involving keeping bright lights shining on inmates' beds during normal sleeping hours. He alleged that the condition constitutes cruel and unusual punishment and also violates a liberty interest.

Finally, he filed a petition in district court case number 12CV85, in which, as in the first petition, he challenged a document posted on resident computers. He contended that a document captioned RIGHT-106 changed disciplinary procedures in a manner that violated his constitutional right to due process.

In all three cases, without requiring responses from the Secretary of the Kansas Department for Aging and Disability Services (Secretary) and without conducting hearings, the district court dismissed the petitions for failure to exhaust administrative remedies. Stanley appealed, and the Court of Appeals, after consolidating the three cases, affirmed the district court. This court granted Stanley's petition for review.

This appeal addresses the manner in which patients who are involuntarily committed to sexual predator treatment programs may seek relief from the conditions of their confinement. Both the legal mechanism for confinement of such patients and the mechanisms for seeking relief from the conditions of the confinement are statutory creations. Interpreting and construing statutes raise questions of law subject to unlimited review on appeal. *State v. Looney*, 299 Kan. 903, Syl. ¶ 2, 327 P.3d 425 (2014).

The portion of the statutory scheme on which the district court and the Court of Appeals relied in the present cases is found in

K.S.A. 2013 Supp. 59-29a24, governing civil actions and the requirement of exhausting administrative remedies. That law, which became effective on July 1, 2012, reads in its entirety:

"(a) *Any patient* in the custody of the secretary of social and rehabilitation services pursuant to K.S.A. 59-29a01 et seq., and amendments thereto, prior to filing any civil action naming as the defendant pursuant to the rules of civil procedure, the state of Kansas, any political subdivision of the state of Kansas, any public official, the secretary of social and rehabilitation services or an employee of the department of social and rehabilitation services, while such employee is engaged in the performance of such employee's duty, *shall be required to have exhausted such patient's administrative remedies,* established by procedures adopted pursuant to subsection (d) of K.S.A. 59-29a22, and amendments thereto, concerning such civil action. *Upon filing a petition in a civil action, such patient shall file with such petition proof that the administrative remedies have been exhausted.*

"(b) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

(1) The allegation of poverty is untrue, notwithstanding the fact that a filing fee, or any portion thereof has been paid; or

(2) the action or appeal:

(A) Is frivolous or malicious;

(B) fails to state a claim on which relief may be granted; or

(C) seeks monetary relief against a defendant who is immune from such relief.

"(c) In no event shall such patient bring a civil action or appeal a judgment in a civil action or proceeding under this section if such patient has, on three or more prior occasions, while in the custody of the secretary of social and rehabilitation services pursuant to K.S.A. 59-29a01 et seq., and amendments thereto, brought an action or appeal in a court of the state of Kansas or of the United States that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted, unless the patient is under imminent danger of serious physical injury.

"(d) *The provisions of this section shall not apply to a writ of habeas corpus.*" (Emphasis added.)

The fundamental rule of statutory interpretation is that the intent of the legislature is dispositive if it is possible to ascertain that intent. *Looney,* 299 Kan. at 906. This court deems the language of a statute to be the primary consideration in ascertaining the intent of the legislature because the best and only safe rule for determining the intent of the creators of a written law is to abide by the language that they have chosen to use. *Looney,* 299 Kan. at 906. The courts therefore look to the plain and unambiguous language

of a statute as the primary basis for determining legislative intent. *State v. O'Connor*, 299 Kan. 819, 822, 326 P.3d 1064 (2014).

Although the Court of Appeals superficially acknowledged this rule of statutory construction, it proceeded to set out an extensive history of cases that led it to conclude that inmates and others seeking relief through writs of habeas corpus are under a common-law requirement to exhaust whatever administrative remedies are available. See, *e.g.*, *Battrick v. State*, 267 Kan. 389, 398-99, 985 P.2d 707 (1999); *Levier v. State*, 209 Kan. 442, 452, 497 P.2d 265 (1972); *Wilcox v. Fisher*, 163 Kan. 74, 80, 180 P.2d 283 (1947). And, in the absence of K.S.A. 2013 Supp. 59-29a24, the Court of Appeals might be correct in determining that common-law requirements of exhaustion of remedies would govern.

The 2012 enactment of K.S.A. 2013 Supp. 59-29a24, however, superimposed a statutory scheme over whatever common-law requirements and limitations on actions existed. As a general rule, statutory law supersedes common law. See *Schoenholz v. Hinzman*, 295 Kan. 786, Syl. ¶ 1, 289 P.3d 1155 (2012); *Manzanares v. Bell*, 214 Kan. 589, 599, 522 P.2d 1291 (1974). "If the legislature has spoken, the statement supersedes common law . . . ." *U.S.D. No. 501 v. Baker*, 269 Kan. 239, 243, 6 P.3d 848 (2000).

K.S.A. 2013 Supp. 59-29a24(d) states in clear and unambiguous terms that the exhaustion requirements imposed on involuntary patients who have been adjudicated persistent sexual offenders do *not* apply to writs of habeas corpus. Because the legislative language controls this requirement, confined persons in Stanley's position are not required to demonstrate exhaustion of administrative procedures.

This court has repeatedly emphasized that the plain language selected by the legislature, when it does not conflict with constitutional mandates, trumps both judicial decisions and the policies advocated by parties. See, *e.g.*, *Casco v. Armour Swift-Eckrich*, 283 Kan. 508, 524-26, 154 P.3d 494 (2007); *Perry v. Board of Franklin County Comm'rs*, 281 Kan. 801, 808-09, 132 P.3d 1279 (2006); *Schmidtlien Electric, Inc. v. Greathouse*, 278 Kan. 810, 822, 104 P.3d 378 (2005); *Mary E. Lane, Admr. v. The National Bank of the Metropolis*, 6 Kan. 74, 80-81 (1870).

Apparently dissatisfied with the words chosen by the legislature, however, the Court of Appeals elected to turn to testimony presented to House and Senate committees to ascertain what the legislature *should* have enacted into law.

The Court of Appeals first posited that the phrase "this section" is ambiguous. It could, the court explained, mean the entire section, or it could mean only the immediately preceding subsection (c) relating to successive frivolous civil actions. *Stanley v. Sullivan*, 49 Kan. App. 2d 732, 739-40, 314 P.3d 883 (2013). Because of this asserted ambiguity, the Court of Appeals elected to rely on evidence of the circumstances surrounding the enactment of the bill.

Is the phrase "this section" really ambiguous? Might the phrase refer only to paragraph (c) of the law?

The legislature has obviously chosen to distinguish between sections and subsections of statutes in many other situations. Subsections are typically identified by parenthetical lower-case letters. Examples are numerous; see, *e.g.*, K.S.A. 1-302b(d) ("As an alternative to the requirements of subsection (a) . . . ."); K.S.A. 2-142(a) ("Except as provided by subsection (b) . . . ."). In fact, the very section at issue refers to subsections by parenthetical lower-case letters. K.S.A. 2013 Supp. 59-29a24(a) ("established by procedures adopted pursuant to subsection (d) of K.S.A. 59-29a22").

There is also statutory support for our conclusion that the legislature intends that the word "section" refers to the entirety of K.S.A. 2013 Supp. 59-29a24. K.S.A. 77-133(c) directs the Revisor of Statutes to prepare and include in the Kansas Statutes Annotated "the history of each statutory section." The Revisor has used the word "section" to refer to a numbered statute identified by a chapter, a hyphen, and a section number. Subsections do not receive separate histories. K.S.A. 77-136(b) delineates headings for "sections, subsections or subparts." Furthermore, the law enacted to create K.S.A. 2013 Supp. 59-29a24 identifies that statute in its entirety as "New Section 1." L. 2012, ch. 90, sec. 1. Historically, this court has treated references to "this section" as referring to the entire statutory section, not merely to one subsection. See, *e.g.*, *Downtown Bar and Grill v. State*, 294 Kan. 188, 190, 273 P.3d 709

(2012); *Lorey v. Cox*, 176 Kan. 621, 272 P.2d 1114 (1954) (case refers to civil code by "chapter and section numbers").

The Court of Appeals cited 1A Singer & Singer, Statutes and Statutory Construction (7th ed. 2009), as authority that statutory exceptions sometimes apply only to immediately preceding sections and sometimes to entire statutes or acts. *Stanley*, 49 Kan. App. 2d at 739. The Singer & Singer treatise does not, however, tell us that the word "section" is ambiguous. On the contrary, it explains the desirability of a caption or heading "for each section," which "performs the same function for the section as the title does for an act." 1A Singer & Singer, Statutes and Statutory Construction § 21:4 (7th ed. 2009). And so it is in the statute at hand, which contains this section heading: "Civil actions; exhaustion of administrative remedies required." Subsection (c) of K.S.A. 2013 Supp. 59-29a24 has no section heading; after all, it is not a section.

Clearly, if the legislature had intended that subsection (d) refer only to subsection (c), the legislature could have and probably would have drafted the exception to read "The provisions of *the preceding subsection* shall not apply to a writ of habeas corpus" or "The provisions of *subsection (c)* shall not apply to a writ of habeas corpus."

We do not see how the legislature could have written the law any more clearly to show that writs of habeas corpus are not subject to the exhaustion requirements of K.S.A. 2013 Supp. 59-29a24. Conversely, it required a strained construction by the Court of Appeals to find ambiguity in the wording.

The Secretary argues that a conflict exists between K.S.A. 2013 Supp. 59-29a24 and K.S.A. 2013 Supp. 60-1501(c). In the same legislative act that created K.S.A. 2013 Supp. 59-29a24, the legislature amended K.S.A. 60-1501 to include a new subsection (c), which reads:

"Except as provided in K.S.A. 60-1507, and amendments thereto, a patient in the custody of the secretary of social and rehabilitation services pursuant to K.S.A. 59-29a01 et seq., and amendments thereto, shall file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final, *but such time is extended during the pendency of the patient's timely attempts to exhaust such patient's administrative remedies.*" (Emphasis added.) L. 2012, ch. 90, sec. 2.

The Secretary argues that an exhaustion requirement must be implicit in K.S.A. 2013 Supp. 59-29a24 because, if there were no exhaustion requirement, K.S.A. 2013 Supp. 60-1501(c) would be unnecessary. Without mandatory exhaustion, patients would have no need for a tolling provision while they pursue administrative remedies. Even if the language of K.S.A. 2013 Supp. 59-29a24 were plain and unambiguous in *not* requiring exhaustion, the Secretary argues, it would still be in conflict with the plain and unambiguous language of K.S.A. 2013 Supp. 60-1501(c) requiring exhaustion, and the courts must harmonize and reconcile provisions of acts *in pari materia* and must construe statutes to avoid unreasonable or absurd results. See, *e.g.*, *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, Syl. ¶ 5, 296 P.3d 1106 (2013).

There is no reason, however, to find the two statutes at odds. The plain language of K.S.A. 2013 Supp. 59-29a24(d) exempts petitioners from requirements of exhausting administrative remedies. The plain language of K.S.A. 2013 Supp. 60-1501(c) exempts petitioners from the 30-day limitation on filing during a patient's "timely attempts to exhaust such patient's administrative remedies." Statutes should be read as consistent with one another whenever it is possible to do so. *In re Marriage of Phillips*, 272 Kan. 202, 205, 32 P.3d 1128 (2001). Reading the two statutes together, a patient may forego administrative remedies and must then file a K.S.A. 2013 Supp. 60-1501 petition within 30 days of the action for which relief is sought, or the patient may pursue administrative remedies, which tolls the 30-day limitation period. Furthermore, the Secretary's position renders the second part of K.S.A. 2013 Supp. 60-1501(c) superfluous. There would be no need to extend the time to file a petition because no complaint would become final until administrative remedies had been exhausted. This court presumes that the legislature does not intend to enact superfluous or redundant legislation. See *Board of Miami County Comm'rs v. Kanza Rail-Trails Conservancy, Inc.*, 292 Kan. 285, 322, 255 P.3d 1186 (2011).

Not only is there no need in the present case to resort to legislative history, resorting to such extratextual sources contravenes the

first rule of statutory construction—reliance on the plain language of the statute. The courts are charged with applying laws as the legislature enacted them, not as witnesses advocated for them or as legislative committee chairs understood them.

The 2012 legislature expressly exempted habeas corpus proceedings from the exhaustion requirements of K.S.A. 2013 Supp. 59-29a24. We will not engage in second-guessing the legislature. The decision of the Court of Appeals affirming the district court is reversed. The decision of the district court is reversed. The cases are remanded to the district court.

MICHAEL J. MALONE, Senior Judge, assigned.