NOT DESIGNATED FOR PUBLICATION

No. 120,617

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MYOUN LARAPE SAWYER,
*Appellant*,

v.

TIM KECK, Secretary of KDADS, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed November 22, 2019. Affirmed.

*Myoun Larape Sawyer*, appellant pro se.

*Jessica F. Conrow*, senior legal counsel, Kansas Department for Aging and Disability Services, for appellees.

Before MALONE, P.J., STANDRIDGE and WARNER, JJ.

PER CURIAM: Myoun Larape Sawyer, a patient at Larned State Hospital in the Kansas Sexual Predator Treatment Program (SPTP), appeals from the district court's summary dismissal of his petition for habeas corpus filed pursuant to K.S.A. 60-1501 for failure to exhaust administrative remedies. Finding no error, we affirm.

1

Sawyer is a resident of the SPTP, housed at Larned State Hospital (LSH) in Pawnee County, Kansas. On December 19, 2017, Sawyer filed a petition for writ of habeas corpus pursuant to K.S.A. 60-1501 against the Secretary of the Kansas Department for Aging and Disability Services (KDADS). In the petition, Sawyer alleged that his confinement at LSH was shocking and intolerable due to an ongoing pattern of malicious mistreatment, physical restraint, and seclusion. Sawyer also claimed that he attempted to exhaust his administrative remedies before filing the petition but was unsuccessful. In support of his claims of attempted exhaustion, Sawyer attached several exhibits, including:

- Twelve incomplete resident grievance forms that Sawyer had signed and dated in October and November 2017. These forms did not include any response from an SPTP Grievance Officer.
- A request for administrative hearing form dated November 20, 2017. Sawyer explained that he was requesting a hearing because his grievances had not been handled in accordance with the SPTP grievance procedures, which in turn interfered with his "rights to exhaust administrative remedies, procedural due process & challenge conditions of my confinement."
- A letter from the Office of Administrative Hearings (OAH) dated November 21, 2017. The letter acknowledged receipt of Sawyer's request for a fair hearing, assigned a presiding officer to the case, and ordered KDADS to complete and deliver an agency summary of the case to the presiding officer and to Sawyer within 45 days.

On December 28, 2017, Sawyer filed a supplemental K.S.A. 60-1501 petition alleging that he had been deprived of his right to participate in religious worship services

and that LSH staff had punished and harassed him in retaliation for filing the initial petition.

On February 14, 2018, the district court issued a writ of habeas corpus directing KDADS to file an answer to Sawyer's petition in order to address the applicability of the administrative exhaustion requirements. KDADS answered, arguing that Sawyer's petition should be dismissed based on his failure to exhaust administrative remedies under K.S.A. 2017 Supp. 59-29a22(f)(1), K.S.A. 2017 Supp. 59-29a24, and K.S.A. 2017 Supp. 77-612, which is required before a petitioner can seek review from the district court.

In response to KDADS's argument, Sawyer asserted he had submitted at least 21 grievances that had gone unanswered by LSH, which made it impossible for him to exhaust his administrative remedies. Sawyer noted that he had filed a request for a fair hearing with the OAH, which currently was pending. Finally, Sawyer argued that he was not required to exhaust his administrative remedies prior to petitioning for writ of habeas corpus, citing the Kansas Supreme Court's decision in *Stanley v. Sullivan*, 300 Kan. 1015, 336 P.3d 870 (2014).

The district court issued a written order summarily dismissing Sawyer's petition for failing to exhaust his administrative remedies. In particular, the court noted Sawyer's admission that his request for a fair hearing with the OAH currently was pending. Sawyer filed this timely appeal.

ANALYSIS

"[A] person confined in the SPTP is included within the purview of K.S.A. 60-1501 and, as a result, may bring a habeas corpus petition alleging due process violations." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). But a petitioner must exhaust

all available administrative remedies prior to seeking relief from a district court and must file with the petition proof that all administrative remedies have been exhausted. K.S.A. 2018 Supp. 59-29a24. Whether Sawyer exhausted his administrative remedies is a question of law subject to unlimited review. See *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 622-23, 24 P.3d 128 (2001); *Boyd v. Werholtz*, 41 Kan. App. 2d 15, 16, 203 P.3d 1 (2008).

K.S.A. 2018 Supp. 59-29a24 provides:

"Any person civilly committed pursuant to the Kansas sexually violent predator act, prior to filing any civil action, including, but not limited to, an action pursuant to K.S.A. 60-1501 et seq., and amendments thereto, naming as the defendant the state of Kansas, any political subdivision of the state of Kansas, any public official, the secretary for aging and disability services or an employee of the Kansas department for aging and disability services, while such employee is engaged in the performance of such employee's duty, shall be required to have exhausted all administrative remedies concerning such civil action. Upon filing a petition in a civil action, such person shall file with such petition proof that all administrative remedies have been exhausted."

Exhaustion for persons committed to the SPTP starts with completion of the appropriate administrative remedies available through LSH, including the SPTP. Upon exhaustion of administrative remedies at LSH, the person may request a hearing with the OAH. This appeal is governed by the Kansas Administrative Procedure Act and the Kansas Judicial Review Act. See K.S.A. 2018 Supp. 59-29a22(f)(1). Upon review, the OAH will issue an initial order. The initial order is appealable to KDADS, which is the agency that ultimately is responsible for issuing a final order. See K.S.A. 2018 Supp. 77-527. Here, it is undisputed that Sawyer did not file proof that his administrative remedies at LSH or OAH had been exhausted.

Sawyer makes two arguments on appeal as justification for his failure to provide proof of exhaustion. First, Sawyer asserts he was not required to exhaust his administrative remedies based on the Kansas Supreme Court's decision in *Stanley*, 300 Kan. 1015. Second, Sawyer argues his administrative remedies should be deemed exhausted based on LSH's failure to timely respond to his properly filed grievances.

We are not persuaded by Sawyer's arguments. It is true that our Supreme Court held in *Stanley* that residents in the SPTP are not required to exhaust administrative remedies prior to filing a K.S.A. 60-1501 petition. 300 Kan. at 1018; see K.S.A. 2013 Supp. 59-29a24(d). But Sawyer ignores the Legislature's post-*Stanley* amendment to K.S.A. 59-29a24, which specifically now requires confined persons in Sawyer's position to demonstrate exhaustion of administrative remedies when filing a K.S.A. 60-1501 petition. See L. 2015, ch. 95, § 13; K.S.A. 2018 Supp. 59-29a24. Sawyer filed his petition in 2017, after the statute was amended. Therefore, Sawyer was required to provide proof that he had exhausted all available administrative remedies when Sawyer filed his petition. While LSH's failure to respond to Sawyer's grievances arguably could excuse his failure to exhaust administrative remedies at LSH, Sawyer has not proved exhaustion of his OAH administrative remedies. Indeed, the only OAH document included with Sawyer's petition is the November 21, 2017 letter acknowledging Sawyer's request for a fair hearing. In Sawyer's April 5, 2018 response to KDADS's request for dismissal of his petition, he stated that his request for a fair hearing with the OAH was "still currently pending." Sawyer did not argue below, and does not suggest on appeal, that OAH ignored his request for a fair hearing or has otherwise acted improperly.

Kansas courts are to "demand strict compliance with . . . exhaustion requirements." *Litzinger v. Bruce*, 41 Kan. App. 2d 9, Syl. ¶ 2, 201 P.3d 707 (2008); see *Chelf v. State*, 46 Kan. App. 2d 522, 530, 263 P.3d 852 (2011) (strict compliance with exhaustion requirements is necessary procedural prerequisite to filing civil action). And when "it plainly appears from the face of the petition and any exhibits attached thereto

5

that the plaintiff is not entitled to relief in the district court, the petition shall be dissolved." K.S.A. 2018 Supp. 60-1503(a). Here, the district court did not err in summarily dismissing Sawyer's K.S.A. 60-1501 petition because the petition plainly established that Sawyer had failed to meet the exhaustion requirements of K.S.A. 2018 Supp. 59-29a24.

Affirmed.