NOT DESIGNATED FOR PUBLICATION

No. 122,473

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT DEWAYNE VEALES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed September 10, 2021. Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., ATCHESON and WARNER, JJ.

PER CURIAM: Defendant Robert D. Veales contends the Sedgwick County District Court incorrectly treated his past juvenile adjudication for a residential burglary as a person felony in determining his criminal history score in these three cases consolidated for plea and sentencing. He submits the residential burglary should have been scored as a nonperson felony, lowering his criminal history and the controlling sentence the district court imposed. The district court ruled correctly. We also deny relief to Veales on two constitutional challenges he lodges against the statutory sentencing scheme. In short, we find no error and affirm the district court.

1

In 2019, Veales worked out a plea arrangement with the Sedgwick County District Attorney's office under which he pleaded guilty to attempted aggravated robbery, criminal possession of a firearm, and interference with a law enforcement officer—all felonies—charged in three cases. Veales committed the first two crimes in March 2017 and the interference crime in January 2018. The underlying circumstances, apart from the dates, have no bearing on the narrow issue on appeal. The district court sentenced Veales to a controlling term of imprisonment on the attempted aggravated robbery conviction with shorter concurrent terms on the other two convictions.

At sentencing, Veales argued the rule of *State v. Keel*, 302 Kan. 560, 589-90, 357 P.3d 251 (2015), governed how the district court should compile his criminal history and, in particular, how his 2012 juvenile adjudication for residential burglary should be treated. In *Keel*, the court crafted a general common-law rule that the classification of a past Kansas conviction as person or nonperson offense for criminal history purposes should reflect how a comparable crime would be treated at the time the defendant committed the crimes for which he or she was being sentenced. 302 Kan. at 589-90.

Here, the *Keel* rule, if applicable, would treat Veales' juvenile adjudication for residential burglary as a nonperson felony because he committed the controlling crime of conviction for which he was sentenced during a narrow span of time when the Legislature had designated comparable burglaries as nonperson felonies. See K.S.A. 2016 Supp. 21-5807(c)(1)(A)(i). Before July 1, 2016, and after May 18, 2017, the Legislature classified burglary of a dwelling as a person offense, but during that brief time period, burglary of a dwelling was a nonperson offense. Compare K.S.A. 2016 Supp. 21-5807(c)(1)(A)(i) with K.S.A. 2015 Supp. 21-5807(c)(1)(A)(i) and K.S.A. 2017 Supp. 21-5807(c)(1)(A)(i).

Initially, the district court accepted Veales' argument, found he had a criminal history of G, and sentenced him to a controlling 43-month term of imprisonment for the attempted aggravated robbery with concurrent terms of 9 months for possession of a

firearm and 13 months for interfering with a law enforcement officer. The State objected, filed a motion to correct illegal sentence, and asked the district court to reconsider based on K.S.A. 2016 Supp. 21-6811(d)(1) that specifically provides that residential burglaries should be treated as person felonies for criminal history purposes. The district court took a second look at the issue, agreed with the State, and determined Veales actually had a criminal history of D. The district court, then, imposed what it considered to be the legally correct controlling sentence of 55 months in prison for the attempted aggravated robbery. Veales has appealed.

No disputed facts bear on determining this aspect of Veales' criminal history. The issue entails a matter of law, and we, therefore, owe no particular deference to the district court. See *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010) (appellate court exercises unlimited review over question of law); *State v. Bennett*, 51 Kan. App. 2d 356, 361, 347 P.3d 229 (2015) (when material facts undisputed, issue presents question of law). The parties agree that *Keel* states legal principles that were effective when the district court sentenced Veales. The question remains, however, whether those principles govern the treatment of Veales' adjudication for residential burglary for criminal history purposes.

In *Keel*, the court announced a general common-law rule to fill in what amounted to a gap in the sentencing statutes for determining how to score past in-state convictions for criminal history purposes. Keel had previous convictions for attempted aggravated robbery and aggravated robbery that predated the sentencing guidelines, so they were not designated as either person felonies or nonperson felonies. The *Keel* court crafted a procedural device for scoring those convictions. And the device—in its generally stated scope—also works for scoring convictions for a crime the Legislature has designated as a person felony and a nonperson felony at different times since the adoption of the sentencing guidelines. See *Keel*, 302 Kan. at 588-89. The court, however, did not presume to consider convictions for residential burglaries and neither discussed nor applied the language in K.S.A. 2016 Supp.21-6811(d)(1). The judicial rule of *Keel* must

3

be considered in the context in which it was created and should not be extended beyond that context by rote. *Illinois v. Lidster*, 540 U.S. 419, 424, 124 S. Ct. 885, 157 L. Ed. 2d 843 (2004) (Language in judicial opinions should be read "as referring in context to circumstances similar to the circumstances then before the Court and not referring to quite different circumstances that the Court was not then considering."); *Armour & Co. v. Wantock*, 323 U.S. 126, 132-33, 65 S. Ct. 165, 89 L. Ed. 118 (1944) ("It is timely again to remind counsel that words of our opinions are to be read in light of the facts of the case under discussion.").

Statutes typically oust potentially conflicting common-law doctrines or rules. See *Stanley v. Sullivan*, 300 Kan. 1015, 1018, 336 P.3d 870 (2014). In other words, legislative enactments should be given primacy over judicial pronouncements of the common law on the same subject. That hierarchy is especially appropriate when the statute and the common-law rule both relate to the same or overlapping aspects of a comprehensive legislative scheme, such as the sentencing guidelines.

In pertinent part, K.S.A. 2016 Supp. 21-6811(d) provides: "Prior burglary adult convictions and juvenile adjudications will be scored for criminal history purposes as follows: (1) As a prior person felony if the prior conviction or adjudication was classified as a burglary as defined in . . . K.S.A. 2015 Supp. 21-5807(a)(1), and amendments thereto." In turn, K.S.A. 2016 Supp. 21-5807(a)(1) criminalizes burglaries of "dwellings" and covers Veales' 2012 adjudication. So K.S.A. 2016 Supp. 21-6811(d)(1) imposes a specific requirement that a residential burglary be scored as a person felony for criminal history purposes.

Accordingly, the plain language of K.S.A. 2016 Supp. 21-6811(d)(1) supplants the general common-law rule enunciated in *Keel* and drives Veales' criminal history. The district court, therefore, correctly found Veales to have a criminal history of D based on his 2012 juvenile adjudication and imposed a lawful sentence.

4

For the first time on appeal, Veales also contends that § 5 of the Kansas Constitution Bill of Rights requires that the existence of his past convictions be proved to a jury before a district court can consider them in calculating his criminal history. After the parties submitted their briefs, the Kansas Supreme Court rejected that argument in *State v. Albano*, 313 Kan. 638, 657, 487 P.3d 750 (2021). The *Albano* decision undermines Veales' position. We need say no more on the point.

Veales makes a comparable argument relying on a criminal defendant's right to jury trial protected in the Sixth Amendment to the United States Constitution as applied through the Fourteenth Amendment and construed in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). He also acknowledges the Kansas Supreme Court has rejected that argument and has found the State's current sentencing regimen conforms to the Sixth and Fourteenth Amendments with respect to the use of a defendant's past convictions in determining a presumptive statutory punishment. *State v. Fischer*, 288 Kan. 470, Syl. ¶ 4, 203 P.3d 1269 (2009); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). We, therefore, decline his invitation to rule otherwise, especially given the Kansas Supreme Court's continuing affirmation of *Ivory*. *State v. Razzaq*, 309 Kan. 544, 552, 439 P.3d 903 (2019); *State v. Pribble*, 304 Kan. 824, 838-39, 375 P.3d 966 (2016); *State v. Hall*, 298 Kan. 978, 991, 319 P.3d 506 (2014).

Affirmed.